Edward G. Baker, J.
Motion by plaintiff for an injunction pendente lite restraining defendant union from picketing its premises. Cross motion by defendant to dismiss the complaint under rule 106 of the Buies of Civil Practice.
For many years plaintiff has operated a small automotive supply business in which are now employed approximately 25 *526 persons. On Saturday, November 26, 1955, after the close of business, 15 of these employees met with representatives of the union, and on that day all those present signed cards in form as follows :
“ (Name of Union)
I hereby request and accept membership in the above named union, and authorize it to represent me, and in my behalf to negotiate and conclude all agreements as to hours Of labor, wages, and all other conditions of employment.
Name (Print).......................Home Phone......
Address..................Boro........... City........
Employed by..........................................
Address of Firm......................................
Department............... Shift..........How long____
Rate of Pay....................Date.................
Signature (write) ............................
Telephone PE 6-3843
ALL INFORMATION WILL BE HELD CONFIDENTIAL ”.
On the following Monday morning, 18 of plaintiff’s employees, including those who had been present at the Saturday meeting, did not report for work. They were met outside plaintiff’s place of business by representatives of the union. Two of these representatives and a committee consisting of three of the employees entered the premises to consult with Mr. Archer, an officer of plaintiff, while the other employees remained outside. The committee informed Archer that the union represented an overwhelming majority of the employees, demanded that he negotiate a union contract, and stated that the employees would not return to work until such a contract had been concluded.
Until that moment plaintiff had not been apprised by anyone that its employees desired the union to represent them. It had never been given the opportunity to accept or reject a proposal that it recognized this or any other union as the bargaining agent for its employees. Until that moment, there had been no dispute of any kind between plaintiff and its employees.
Archer telephoned plaintiff’s attorney and related what had occurred. The attorney immediately communicated with one Goldstein, defendant’s president, and was informed by the latter that the union did, in fact, represent a majority of plaintiff’s employees. In reliance upon this assurance and representation, the attorney advised plaintiff to execute a “ stipulation ” (which theretofore had been demanded by the union) recognizing the union as bargaining agent for the employees. This “ stipulaticen *527 '’ or statement was signed by Archer, and an appointment was made for a meeting, to be held on the following Wednesday, among representatives of the union, plaintiff and the employees’ committee for the purpose of negotiating a contract.
The union representatives appeared at the appointed time and place as did Archer, representing the plaintiff. The members of the employees’ committee, however, did not appear. Archer asserts that, after his arrival at the attorney’s office, he received a telephone call from his son who was at the place of business, and was advised by him that plaintiff’s employees had formed their own organization and had elected representatives, that they did not wish the defendant Union to represent them, and that they had never indicated their desire to be represented by said union.
Annexed to the moving papers is a statement signed by 14 of plaintiff’s employees which reads as follows:
“ The undersigned, all Employees of William S. Archer, Inc., the plaintiff in the above entitled matter, have formed an Association known as EMPLOYEES ASSOCIATION OF WILLIAM S. AECHEE, INC., which Association-is to act as bargaining agent for the Employees employed by WILLIAM S. AECHES, INC.
“ That the undersigned do not desire General Automotive Workers, Drivers, Helpers & Warehousemen, Local 239, International Brotherhood of Teamsters, A.F. of L. to act as their bargaining agent with their Employer.
“ Dated, New York, N. Y. December 5, 1955.”
Among the papers submitted in support of the motion is an affidavit by one Eunfola, an employee, joined in by way of an unsworn statement by nine of his fellow employees, wherein it is stated among other things that “ They handed us cards and asked us to fill them out. In some cases, the Union man filled them out and we signed them. We told the Union delegate that we had not made up our mind whether we wanted to join the Union and wanted to first have a meeting of our own to decide what to do. We were told by Mr. Krieger that we could have our own meeting and if we made up our mind not to join the Union he would destroy the cards and that the cards meant nothing until we made up our minds. We paid no dues or any money to the Union at that time or at any time.”
It is defendants’ claim (supported by the affidavits of six employees) that in the interval between Monday, November 28 and Wednesday, November 30 (the date appointed for the meeting at which a contract was to be negotiated), plaintiff, in violation of the provisions -of the New York State Labor Belations *528 Act, influenced and coerced Ms employees to break away from and reject defendant union, and to form an independent company union among themselves. The charge is denied by Runfola and the Mne employees who joined in his affidavit, as aforesaid, all of whom assert that they were not influenced or coerced in any way, or by anyone, in connection with their decision to form their own organization. On November 30, 1955, plaintiff’s attorney addressed to defendant union a letter requesting an immediate election “ so that we may both determine whether the employees have designated you as their bargaining agent.” The answering affidavit of Goldstein indicates that this request was refused.
On or about December 5, 1955, the union filed with the National Labor Relations Board a charge against plaintiff of unfair labor practices, specifying the employer’s refusal to bargain in good faith with the union, and interference, restraint and coercion of the employees by the employer, with a view to inducing them to drop out of the union. These charges were withdrawn without prejudice, and, on or about December 12, 1955 were filed with the New York State Labor Relations Board. In the meanwhile, and on or about December 6, 1955, the employees’ association filed with said board a petition for certification of said association as bargaining agent of the employees. Both proceedings are now pending before the board.
Plaintiff maintains that the picketing, conducted as it has been during the pendency before the labor board of the certification proceeding, is for an unlawful objective, namely, to coerce the employer to recognize the defendant union and to bargain with it. It is defendants’ position that the picketing, which commenced on November 30, 1955 was for neither recognition nor organizational purposes; but, rather, was commenced and still continues in protest against plaintiff’s alleged unfair labor practices, its breach of the recognition ‘ ‘ stipulation ’ ’ signed by it, and its refusal to negotiate.
Obviously, there are sharp issues of fact involved in this controversy. In the face of the affidavits of six of plaintiff’s employees alleging, unequivocally, conduct on the part of plaintiff which, if true, clearly would constitute unfair labor practices within the meaning of the statute, this court cannot say that there is no labor dispute involved in this case, or that the picketing is for an unlawful objective.
Whether or not the doctrine enunciated in Goodwins, Inc. v. Eagedorn (303 N. Y. 300), is applicable here cannot be determined until the factual issues have been resolved. It seems to the court that no useful purpose will be served by directing a *529 hearing upon those issues for the purposes of this motion. If defendants’ answer is promptly served an immediate trial may be had. The court suggests that, in the interests of justice to the employees as well as to the employer, defendants’ answer should be filed forthwith, and the matter noticed for the Equity Term of the court to be held this month. If the court’s suggestion is followed, the clerk is directed to accept a note of issue for the January Equity Term upon payment of his fees. The action will be preferred for trial subject to the approval of the Justice then presiding.
The motion for an injunction pendente lite is denied.
Defendants’ cross motion to dismiss the complaint is denied. On motions addressed to the sufficiency of a complaint the pleading must be liberally construed; and if, upon any theory, the pleader is entitled to a recovery, the motion to dismiss must be denied. Thus viewed, this complaint states a cause of action.